IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00398-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

MICHAEL THOMAS FOLSOM,

    Plaintiff,

v.

FREMONT COUNTY SHERIFF OFFICE (F.C.S.O.)
SHERIFF BEICKER,
CAPTAIN RANCON,
SGT GREEN,
SGT. MILLER,
DEP. S. CARTER, and
ALL OF THE FREMONT COUNTY SHERIFF'S OFFICE EMPLOYEES,

    Defendants.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

    Plaintiff, Michael Thomas Folsom, currently is incarcerated at the Fremont County Detention Center in Cañon City, Colorado.  He submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, among other statutes, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) __ is not submitted
(2) __ is missing affidavit
(3) X is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner
(7) __ is not on proper form
(8) X names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the Court. Only an original has been received.
(10) X other: Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a certified copy of his six months' trust fund statement.

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) __ is not on proper form (must use the Court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page no. __
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the Court. Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18) __ names in caption do not match names in text
(19) __ other:

Mr. Folsom's Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Prisoner Complaint, which contends Plaintiff is being sexually harassed, fails to assert any claims or request any relief.

The amended Prisoner Complaint Mr. Folsom files must comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

In order to state a claim in federal court, Mr. Folsom "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Folsom must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of

facts is not required. The Court and defendants should not be required to sift through Mr. Folsom's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Folsom must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2)

4

caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Folsom may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Folsom uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Folsom will be given an opportunity to cure the deficiencies in the Prisoner Complaint by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Mr. Folsom must provide the full address for each named defendant.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Michael Thomas Folsom, cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case

manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies and file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire Prisoner Complaint and action may be dismissed without further notice.

DATED February 18, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge